UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

PATRICK C. COTTER                                    CIVIL ACTION

VERSUS                                               No. 15-4823

BRUCE A. GWYN ET AL.                                 SECTION H

## ORDER AND REASONS

Before the Court is Defendant Bruce Gwyn's Motion to Set Aside Default (Doc. 83). For the following reasons, the Motion is GRANTED.

## BACKGROUND

This matter was initially referred to the bankruptcy court, but the referral was later withdrawn. While this matter was pending in the bankruptcy court, however, Defendant Bruce Gwyn was served, failed to appear, and default was entered against him. Notwithstanding this, Gwyn filed an answer and cross-claims in the matter pending before the district court. On May 12, 2016, Defendants Michael Lapat and Turn Key Hedge Funds, Inc. (collectively "TK&L") moved for dismissal of the cross-claims asserted against them by Defendant Bruce Gwyn. On August 25, 2016, this Court granted their motion, stating that:

1

> TK&L correctly point out that prior to the withdrawal of the reference, the bankruptcy court had entered default against Gwyn for failure to file an answer or otherwise defend the case. Gwyn has not sought relief from default from either this court or the bankruptcy court, nor has he asked this court to review the bankruptcy court's entry of default. The filing of an answer cannot cure a default. Accordingly, Defendant Bruce Gwyn's answer is stricken from the record.[1]

Defendant Gwyn then asked this Court to reconsider its decision to strike his answer from the record. This Court denied that request, stating that Gwyn had not identified a manifest error but inviting him to move to set aside the entry of default. On February 7, 2017, Gwyn filed the instant Motion to Set Aside Default.

## **LEGAL STANDARD**

Rule 55(c) permits the trial court to set aside an entry of default for "good cause."[2] To determine whether "good cause" has been shown, a district court should consider (1) whether the default was willful; (2) whether granting the motion would prejudice the non-moving party; and (3) whether a meritorious defense is presented.[3] These factors, however, are not "talismanic" and the Court may consider others such as whether the public interest was implicated, whether there was significant financial loss to the defendant, and whether the defendant acted expeditiously to correct the default.[4] In deciding a Rule 55(c) motion, the Court is mindful that default judgments are generally disfavored by the law and that any doubt should be resolved in favor of the movant.[5]

---

[1] Doc. 61.
[2] Fed. R. Civ. P. 55(c).
[3] *Lacy v. Sitel Corp.*, 227 F.3d 290, 292 (5th Cir. 2000).
[4] *Dierschke v. O'Cheskey*, 975 F.2d 181, 184 (5th Cir. 1992).
[5] *See Lacy*, 227 F.3d at 292.

## LAW AND ANALYSIS

This Court holds that the balance of factors weighs in favor of setting aside default in this matter. First, this Court does not believe that the default was willful. Gwyn alleges, and the Trustee does not dispute, that service was done pursuant to the bankruptcy rules by uncertified mail to an address he had previously shared with his wife from whom he was separated. Gwyn alleges that he never received service but that he prepared an answer within weeks of becoming aware of the complaint against him. Although the Trustee makes compelling arguments that Gwyn should have been aware of the litigation in sufficient time to timely file an answer, doubts must be resolved in favor of the Movant. Second, any potential prejudice Plaintiff would suffer as a result of setting aside default is negligible. There are are no trial or pre-trial dates set in this matter, and the parties contend that no discovery has taken place. In addition, the Trustee failed to bring Gwyn's default to this Court's attention or object to his participation in the litigation. Accordingly, he cannot now say that setting aside the default so that Gwyn may properly participate will prejudice him. Finally, Gwyn has set forth a meritorious defense including 14 affirmative defenses. For the foregoing reasons, this Court holds that good cause exists to set aside the default entered against Bruce Gwyn.

## CONCLUSION

For the foregoing reasons, Defendant Bruce Gwyn's Motion to Set Aside Default is GRANTED, and he shall file an answer or responsive pleading within 14 days of this Order.

New Orleans, Louisiana this 18th day of May, 2017.

_____
**JANE TRICHE MILAZZO
UNITED STATES DISTRICT JUDGE**