# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| PATRICK C. COTTER | CIVIL ACTION |
| VERSUS | NO. 15-4823 |
| BRUCE A. GWYN ET AL. | SECTION H |

## ORDER AND REASONS

Before the Court is Defendant Kaplan & Company's Motion for Reconsideration (Doc. 86). For the foregoing reasons, the Motion is DENIED.

## BACKGROUND

This matter arises out of the failure of a "commodity pool," a type of hedge fund that trades in commodities futures contracts. Level III Trading Partners, L.P. ("Level III" or "the Fund") was a commodity pool created in February 2007 by Defendant Bruce A. Gwyn ("Gwyn"). Kaplan & Company ("Kaplan"), a CPA firm, was retained by Gwyn to provide accounting and auditing work for the Fund. The Trustee alleges that Kaplan aided Gwyn in misappropriating investor funds and misleading investors regarding the value of their investments. It failed to communicate to the limited partners its assessment of the value of the Fund's investments and thus assisted Gwyn in

1

perpetuating the scheme. The Trustee brought claims against Kaplan for (1) violation of § 10 of the 1934 Securities Exchange Act, (2) violation of state securities laws, (3) professional malpractices and negligence, (4) aiding and abetting Gwyn, (5) breach of contract, (6) civil conspiracy, and (7) misrepresentation and omission. Kaplan filed a Motion to Dismiss, which this Court granted in part. In particular, this Court held that it could not dismiss the Trustee's state law tort claims as perempted pursuant to Louisiana Revised Statutes § 9:5604 because a finding of when Plaintiff should have discovered his claim against Kaplan is a factual determination inappropriate for resolution at the motion to dismiss stage. In addition, the Court held that Illinois law applied to the Trustee's professional malpractice claim and therefore Louisiana's accountant review panel law did not apply.

Kaplan has filed the instant Motion for Reconsideration specifically disputing the two holdings identified above. This Court will address its arguments in turn.

## LEGAL STANDARD

Courts in this District generally analyze motions to reconsider interlocutory orders under Rule 59(e).[1] A Rule 59(e) motion "[i]s not the proper vehicle for rehashing evidence, legal theories, or arguments that could have been offered or raised before the entry of judgment."[2] Instead, Rule 59(e) serves the narrow purpose of correcting "'manifest error[s] of law or fact or . . . presenting newly discovered evidence.'"[3] "'Manifest error' is one that 'is plain

---

[1] *See Castrillo v. Am. Home Mortg. Servicing, Inc.*, No. 09–4369, 2010 WL 1424398, at *4 n.54 (E.D. La. Apr. 5, 2010) (collecting cases); *Gulf Fleet*, 282 F.R.D. at 152 n.40 (same).
[2] *Templet v. HydroChem, Inc.*, 367 F.3d 473, 479 (5th Cir. 2004) (citing *Simon v. United States*, 891 F.2d 1154, 1159 (5th Cir. 1990)).
[3] *Advocare Int'l, LP v. Horizon Labs., Inc.*, 524 F.3d 679, 691 (5th Cir. 2008) (quoting *Rosenzweig v. Azurix Corp.*, 332 F.3d 854, 863 (5th Cir. 2003)).

and indisputable, and that amounts to a complete disregard of the controlling law.'"[4] In the Fifth Circuit, altering, amending, or reconsidering a judgment under Rule 59(e) "[i]s an extraordinary remedy that should be used sparingly."[5] While district courts have "considerable discretion in deciding whether to grant or deny a motion to alter a judgment," denial is favored.[6]

## LAW AND ANALYSIS

1. **Peremption of Tort Claims**

In its motion to dismiss, Kaplan argued that the Trustee's claims were subject to two peremptive periods set forth in Louisiana Revised Statutes § 9:5604, which states that:

> No action for damages against any accountant duly licensed under the laws of this state, or any firm as defined in R.S. 37:71, whether based upon tort, or breach of contract, or otherwise, arising out of an engagement to provide professional accounting service shall be brought unless filed in a court of competent jurisdiction and proper venue within one year from the date of the alleged act, omission, or neglect, or within one year from the date that the alleged act, omission, or neglect is discovered or should have been discovered; however, even as to actions filed within one year from the date of such discovery, in all events such actions shall be filed at the latest within three years from the date of the alleged act, omission, or neglect.

This Court held that, applicability of Louisiana law aside, it was unable to make a determination regarding the passing of peremption without a factual determination regarding when the claim arose. Kaplan argued that the Plaintiff should have been on notice of its claim against Kaplan by June 12, 2012 when the National Futures Association ("NFA") took emergency action

---

[4] *Guy v. Crown Equip. Corp.*, 394 F.3d 320, 325 (5th Cir. 2004) (quoting *Venegas–Hernandez v. Sonolux Records*, 370 F.3d 183, 195 (1st Cir. 2004)).
[5] *Templet*, 367 F.3d at 479 (citations omitted).
[6] *Hale v. Townley*, 45 F.3d 914, 921 (5th Cir. 1995).

3

against Level III and Gwyn. The Trustee pointed out though that nothing in the NFA's notice suggested that Kaplan was engaged in any wrongful conduct. This Court held therefore that a finding of when Plaintiff should have discovered his claim against Kaplan was a factual determination inappropriate for resolution at this stage.

Kaplan now argues that such a holding applied a "higher legal standard than established by settled case law." It argues that pursuant to Louisiana case law, the NFA notice need not identify wrongful conduct to trigger the running of peremption but need only communicate "sufficient information, which, if pursued, will lead to the true condition of things." Kaplan argues that the notice from the NFA should have been "met with great alarm by its recipients and was more than sufficient to 'excite attention and prompt further inquiry,' which, if pursued, would have confirmed the problems with the fund, and allowed Plaintiffs to file their allegations against Kaplan within one year."

While the NFA notice certainly may have been sufficient to start the running of peremption, this Court cannot see how such a determination is not a question of fact. Kaplan asks this Court to decide whether and when Plaintiff received sufficient information to "prompt further inquiry" based solely on the allegations of the Complaint. Such a determination of what Plaintiff knew or should have known and at what point is inappropriate at this stage. Indeed, even the case on which Kaplan relies determined the plaintiff's knowledge after an evidentiary hearing on an exception of prescription.[7] Accordingly, Kaplan has not identified any manifest error to warrant a change in this Court's prior opinion.

---

[7] *See Williams v. Pioneer Fishing & Rental Tools, Inc.*, 945 So. 2d 936, 939, (La. App. 3 Cir. 2006).

## 2. Accountant Review Panel

In its motion to dismiss, Kaplan also argued that Plaintiff's professional malpractice claims are premature because they have not yet been submitted to a public accountant review panel pursuant to Louisiana Revised Statutes § 37:105. The Court held that the accountant review panel requirement did not apply because Illinois law applied to Plaintiff's professional malpractice claims pursuant to Louisiana's choice of law rules, namely Civil C

ode article 3543.

Kaplan now argues in its Motion for Reconsideration that this Court erred in not applying Louisiana law because Louisiana Revised Statutes § 9:5604(c) provides that all claims brought against an accounting firm must be governed exclusively by Louisiana law regardless of the domiciles of the parties. Kaplan made this identical argument in its Motion to Dismiss. This Court expressly held that the accountant review panel rule is substantive, not procedural, and that it does not apply because Louisiana substantive law does not apply. In so holding, this Court rejected Kaplan's argument that § 9:5604 was the appropriate provision to determine choice of law. Kaplan's reassertion of its identical arguments here has done nothing to change this Court's opinion.

Louisiana Revised Statutes § 9:5604 states that:

Notwithstanding any other law to the contrary, in all actions brought in this state against any accountant duly licensed under the laws of this state, or any firm as defined in R.S. 37:71, whether based on tort or breach of contract or otherwise arising out of an engagement to provide professional accounting service, the prescriptive and peremptive period shall be governed exclusively by this Section and the scope of the accountant's duty to clients and nonclients shall be determined exclusively by applicable Louisiana rules of law, regardless of the domicile of the parties involved.

Accordingly, the statute expressly states only that Louisiana law will govern prescription, peremption, and scope of duty in suits brought in Louisiana against qualifying accounting firms. By its plain language, this statute does not "expressly supersede[] all other laws to the contrary" as Kaplan contends. Accordingly, Kaplan has not identified a manifest error made by this Court, and its reassertion of identical arguments is an improper request for reconsideration.

## CONCLUSION

For the foregoing reasons, Kaplan's Motion is DENIED.

New Orleans, Louisiana this 18th day of May, 2017.

_____
**JANE TRICHE MILAZZO**
**UNITED STATES DISTRICT JUDGE**